**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-20309-JB**

**UNITED STATES OF AMERICA**

**vs.**

**ANDREW H. JACOBUS,**

**Defendant.**
_______________________________________/

**PLEA AGREEMENT**

The United States Attorney's Office for the Southern District of Florida ("this Office") and Andrew Jacobus (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Counts 1 and 8 of the Indictment, which charges the Defendant with wire fraud in violation of Title 18, United States Code, Section 1343 (Count 1) and money laundering in violation of Title 18, United States Code, Section 1956 (Count 8).

2. In exchange, the government agrees to dismiss the remaining counts of the Indictment at the close of the sentencing hearing.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that



the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of up to three (3) years and a $250,000 fine as to Counts 1 and twenty (20) years, followed by a term of supervised release of up to three (3) years and a fine of the greater of $500,000 or twice the value of the criminally derived property involved as to Count 2 8. In addition to a term of imprisonment, supervised release, and a fine, the Court may order forfeiture and restitution.

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $200 ($100 as to each count of conviction) will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this recommendation if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The Defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested

by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the Defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

9. This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following finding conclusions as to the sentence to be imposed:

(a) That the base offense level is 7, pursuant to Section 2B1.1(a)(1).

(b) That the relevant amount of actual, probable or intended loss under Section 2B1.1(b)(1) of the Sentencing Guidelines resulting from the offense committed in this case is more than $65,000,000 and less than $150,000,000 resulting in an increase of 24 levels pursuant to 2B1.1(b)(1)(M).

(c) That the offense resulted in substantial financial hardship to five or more victims resulting in an increase of 4 levels pursuant to 2B1.1(b)(2)(B).

(d) That the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means resulting in an increase of 2 levels pursuant 2B1.1(b)(10)(C).

(e) The parties remain free to argue for or against any other enhancements or adjustments under the Sentencing Guidelines and to argue for or against any upward or downward variance under 18 U.S.C. Section 3553.

10. The Defendant further agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to:

(a) any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses and fraud scheme, in violation of Title 18,



United States Code, Section 1343, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), and the provisions of Title 21, United States Code, Section 853; and

(b) any property, real or personal, involved in the commission of the offenses, in violation of Title 18, United States Code, Section 1956, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1), and the provisions of Title 21, United States Code, Section 853.

In addition, the Defendant agrees to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p). The property subject to forfeiture includes, but is not limited to, a forfeiture money judgment in the sum of $94 million in United States currency, which sum represents the value of property subject to forfeiture.

11. The Defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets. This assistance shall include: disclosing within 14 calendar days in a Financial Disclosure Statement provided by this Office the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, any assets involved in the offenses of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to this Office any necessary and appropriate documentation to deliver good and marketable title to assets; liquidating assets, or completing any task which will result in a payment towards the forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.



12. The Defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under Title 18, United States Code, Section 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

13. The Defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant further agrees to waive: any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Fed. R. Crim. P. 32.2; and any appeal of the forfeiture. The Defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim.

14. The Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United



States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of his right to appeal his sentence.

15. The Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the Defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

16. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

17. In the event the defendant withdraws from this agreement prior to or after pleading guilty to the charge identified in paragraph two above, or should the Office, in its sole discretion, determine that the Defendant has failed to fully comply with any of the terms of this plea agreement, the Office will be released from its obligations under this agreement, and the Defendant agrees and understands that:

(a) the Defendant thereby waives any protection afforded by any proffer letter agreement between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence;

(b) that any statements made by the Defendant as part of the plea discussions, any debriefings or interviews, or in this agreement, whether made prior to or after the execution of this agreement, will be admissible against him without any limitation in any civil or criminal proceeding brought by this Office;

AM

(c) the Defendant's waiver of any defense based on the statute of limitations and venue, including the waiver set forth in this agreement, or any defense based on the passage of time in filing an Indictment or Superseding Information, referred to herein, shall remain in full force and effect;

(d) the Defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this agreement, of any documents provided by the Defendant or the Defendant's representatives to any state or federal agency and/or this Office; and

(e) the Defendant has adopted the entire factual basis as the defendant's statements, and the Defendant has stipulated to the admissibility of the Factual Proffer in any case brought by the United States.

18. Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

19. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the

probation office or the Court. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw his/her plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

20. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

JASON REDING QUIÑONES
UNITED STATES ATTORNEY,

Date: 11/14/2025 By: ____________________
ROBERT F. MOORE
ASSISTANT UNITED STATES ATTORNEY

Date: 10/31/25 By: ____________________
BRUCE LEHR
ATTORNEY FOR DEFENDANT

Date: 10/31/2025 By: ____________________
ANDREW JACOBUS
DEFENDANT



